1
2
3

I HEREBY CERTIFY THAT THIS DOCUMENT WAS SERVED BY
FIRST CLASS MAIL, POSTAGE PREPAID, TO ~~ALL COUNSEL~~ Plaintiff
(OR PARTIES) AT THEIR RESPECTIVE MOST RECENT ADDRESS OF
RECORD IN THIS ACTION ON THIS DATE.

DATED: 8/27/09

DEPUTY CLERK



4
5
6
7
8

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

9
10
11
12
13
14
15
16

| | |
|---|---|
| HERNANDO TORRES, | Case No. SACV 09-975-PSG (RNB) |
| Plaintiff, | |
| vs. | ORDER TO SHOW CAUSE |
| MICHAEL J. ASTRUE, COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

17
18
19
20
21
22
23
24
25
26
27
28

It appears from the face of the Complaint that was filed herein on August 25, 2009 that plaintiff is seeking review of an unfavorable Appeals Council decision that was issued on May 28, 2009.

Section 205(g) of the Social Security Act affords a claimant "sixty days" from "mailing" of notice of the Commissioner's final decision or "such further time as the Commissioner of Social Security may allow" in which to commence a civil action. See 42 U.S.C. § 405(g). "[T]he Congressional purpose, plainly evidenced in Section 205(g), [was] to impose a 60-day limitation upon judicial review of the Secretary's[1]

---

[1]     Pursuant to P.L. No. 103-296, the Social Security Independence and Improvements Act of 1994, the function of the Secretary of Health and Human (continued...)

1  final decision on the initial claim for benefits." Califano v. Sanders, 430 U.S. 99,

2  108, 97 S. Ct. 980, 51 L. Ed. 2d 192 (1977). "In addition to it serving its customary

3  purpose, the statute of limitations embodied in § 405(g) is a mechanism by which

4  Congress was able to move cases to speedy resolution in a bureaucracy that processes

5  millions of claims annually." Bowen v. City of New York, 476 U.S. 467, 481, 106

6  S. Ct. 2022, 90 L. Ed. 2d 462 (1986). The Ninth Circuit repeatedly has upheld the 60-

7  day statute of limitations, in affirming the dismissal of claims which were not timely

8  filed. See, e.g., Banta v. Sullivan, 925 F.2d 343 (9th Cir. 1991); Matlock v. Sullivan,

9  908 F.2d 492 (9th Cir. 1990); Peterson v. Califano, 631 F.2d 628 (9th Cir. 1980).

10         Here, if measured from May 28, 2009, when the Complaint alleges that the

11  Appeals Council decision was issued, plaintiff's federal filing deadline (including the

12  5 additional days for service by mail) was August 1, 2009 (which, being a Saturday,

13  resulted in a further extension of the filing deadline to August 3, 2009). The

14  Complaint does not allege that the Appeals Council extended plaintiff's time in which

15  to commence a civil action. Accordingly, it appears from the face of the Complaint

16  that, when it was filed herein on August 25, 2009, the limitations period already had

17  run.

18         Accordingly, on or before **September 24, 2009**, plaintiff is ORDERED to show

19  good cause in writing, if any exists, why the Court should not recommend that this

20  action be dismissed for untimeliness.

21

22  DATED:      August 26, 2009

23

24                                          _____
                                            ROBERT N. BLOCK
25                                          UNITED STATES MAGISTRATE JUDGE

26         _____
27         [1](...continued)
    Services was transferred to the Commissioner of Social Security effective March 31,
28  1995.